Babak Semnar, Esq. (#224890)
Semnar Law Firm, Inc.
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Jared M. Hartman, Esq. (#254860)
Hartman Law Office, Inc.
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 234-0881; Fax: (888) 819-8230

[Additional Attorneys For Plaintiff on Signature Page]

Attorneys for Plaintiff
VERONICA MARQUEZ

# U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

| | |
|---|---|
| VERONICA MARQUEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> NELSON & KENNARD, a business entity, form unknown; RAZOR CAPITAL, a limited liability company; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** <br> 1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.** |

Plaintiff, VERONICA MARQUEZ, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

///

1
**COMPLAINT**

# INTRODUCTION

1. Plaintiff, by and through her attorneys of record, bring this action to secure redress from unlawful debt collection practices engaged in by Defendant NELSON & KENNARD (hereinafter "Defendant N & K") and Defendant RAZOR CAPITAL, LLC. (hereinafter "Defendant RAZOR") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA").

2. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4.     This action arises out of Defendant N & K's and Defendant RAZOR's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

5.     Because Defendant N & K conducts business within the State of California, and is physically located at 2180 Harvard Street, in the City of Sacramento, State of California, personal jurisdiction is established.

6.     Because Defendant RAZOR conducts business within the State of California by using the interstate mailing system to contact consumers within the State of California, but is physically located at 8000 Norman Center Drive, Suite 860, in the City of Bloomington, State of Minnesota, personal jurisdiction is established.

7.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Bernardino, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

8.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

9. Defendant N & K has alleged that Plaintiff owed them money that they were allegedly collecting on behalf of Defendant RAZOR that originated from a line of credit granted by Wells Fargo for personal and household expenses, and Plaintiff is therefore informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA.

10. Plaintiff is informed and believes that Defendants N & K and RAZOR utilize the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, is one who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. On or about July 1, 2013, Defendant N & K filed a lawsuit on behalf of Defendant RAZOR against Plaintiff in the Superior Court for the County of San Bernardino, State of California, in case number CIVRS1304531 seeking judgment of $8,454.98.

12. Plaintiff was served on July 6, 2013.

13. Sometime thereafter in July of 2013, Plaintiff called the phone number for Defendant N & K listed on the Complaint and had a telephone conversation with one of

1  their agents who informed Plaintiff that she did not have to go to court if she were to

2  make a payment agreement with them.

3     14.    Plaintiff informed this agent that she wants to settle this debt with them

4  and pay what she owes, but she works for the Baldwin Park school district and would

5  not begin receiving full paychecks again until September or October and she would not

6  be able to make any payments until that time.

7     15.    The agent told Plaintiff that it would be fine for her to start making her

8  payments in September or October.

9     16.    Despite this verbal agreement for Plaintiff to begin making her payments

10  in September or October, Defendant N & K—on behalf of, at the direction of, and in

11  association with Defendant RAZOR—sent to Plaintiff a notice of intention to request

12  default judgment dated August 8, 2013.

13     17.    Defendant N & K—on behalf of, at the direction of, and in association

14  with Defendant RAZOR—then filed a request with the Superior Court for the County

15  of San Bernardino a request for entry of default judgment against Plaintiff on

16  September 17, 2013 in the amount of $10,961.29.

17     18.    Defendant N & K—on behalf of, at the direction of, and in association

18  with Defendant RAZOR—then sent to Plaintiff a letter dated September 23, 2013

19  indicating that her balance was now $11,073. 96, and also indicating that she had

20  defaulted on the payment arrangements that she had agreed to and that they were

21  revoking any payment agreement and that they would either "proceed with legal action

to pursue entry of a judgment or enforcement of the judgment, if one was already entered".

19. The actions taken by Defendant N & K in September of 2013 completely disregard the fact that they told Plaintiff that it would be fine if she were to begin making payments in October of 2013.

20. Plaintiff thereafter made a payment to Defendant N & K on October 4, 2013, November 5, 2013, and December 9, 2013, and Defendant N & K sent a thank you letter after every payment and acknowledging receipt thereof.

21. Sometime in December of 2013, Plaintiff received notice that Defendant N & K—on behalf of, at the direction of, and in association with Defendant RAZOR—recorded an involuntary lien upon her residence for the amount of $10,961.29.

22. Plaintiff decided to stop making any more monthly payments to Defendant N & K because she felt it was grossly unfair for them to proceed with the recording of the lien despite her efforts at making payments.

23. Sometime in March or April of 2014, Plaintiff had a telephone conversation with Defendant N & K's agent Maria Mohd.

24. Plaintiff tried to re-enter into a payment agreement, but Ms. Mohd refused to agree to $50.00 per month and spoke to Plaintiff in a very condescending manner and told her that she should have made payments with Wells Fargo a long time ago.

25. When Plaintiff became fed up with the condescending manner in which Ms. Mohd was speaking to her, Plaintiff requested that all phone calls to her cease and

1 desist and that Defendant N & K only communicate with her in writing.

2     26. Sometime thereafter, in April of 2014, Plaintiff received a voicemail from
3 a gentleman who did not identify his company name but requested a return call.

4     27. Plaintiff returned the message and the call was answered by Defendant N
5 & K.

6     28. Plaintiff did not leave a message because she did not want to speak to Ms.
7 Mohd due to the condescending and rude manner in which Ms. Mohd had already
8 spoken to her.

9     29. Upon information and belief, at all times relevant herein, Defendant N & K
10 was acting on behalf of, at the direction of, and in association with Defendant RAZOR,
11 and therefore Defendant RAZOR is liable for violations committed by Defendant N &
12 K through vicarious liability.

13     30. Moreover, an attorney's violations of the FDCPA arising out of a lawsuit
14 filed against a debtor are imputed as vicarious liability to the client on whose behalf the
15 attorney filed the lawsuit. *See Fox v. Citicorp Credit Services (9th Cir. 1993) 15 F.3d*
16 *1507, 1516* ("[W]e must conclude that Congress intended the actions of an attorney to
17 be imputed to the client on whose behalf they are taken").

18     31. As a result of Defendants' unfair, oppressive, and abusive conduct in
19 connection with their debt collection activity by pursuing default judgment against
20 Plaintiff in September of 2013 despite the fact that she was told by their agent she could
21 begin making payments in September or October of 2013, and combined with the fact

1 that Defendants recorded an involuntary lien upon Plaintiff's residence after she began
2 making payments, Plaintiff has suffered mental anguish by way of embarrassment,
3 shame, anxiety, fear, and feelings of despair.

4     32. At all times during the aforementioned actions, there was in full force and
5 effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to
6 15 U.S.C. § 1692d & d(6):

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

12     33. At all times during the aforementioned actions, there was in full force and
13 effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to
14 15 U.S.C. § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**(As against both Defendants)**
**15 U.S.C. §§ 1692-1692p**

19     34. Plaintiff re-alleges and incorporates by reference the above paragraphs, as
20 though set forth fully herein.

21     35. Upon information and belief, at all times relevant herein, Defendant N & K

1  was acting on behalf of, at the direction of, and in association with Defendant RAZOR,
2  and therefore Defendant RAZOR is liable for violations of the FDCPA committed by
3  Defendant N & K through vicarious liability.

4      36.    Moreover, an attorney's violations of the FDCPA arising out of a lawsuit
5  filed against a debtor are imputed as vicarious liability to the client on whose behalf the
6  attorney filed the lawsuit. *See Fox v. Citicorp Credit Services (9th Cir. 1993) 15 F.3d*
7  *1507, 1516* ("[W]e must conclude that Congress intended the actions of an attorney to
8  be imputed to the client on whose behalf they are taken").

9      37.    By pursuing default judgment against Plaintiff in September of 2013
10 despite the fact that they told her it would be acceptable if she began making payments
11 in October of 2013, Defendants therefore acted with unfairness, oppression, and abuse
12 towards Plaintiff and therefore violated 15 U.S.C. §§ 1692d & 1692f of the FDCPA.

13     38.    By recording a lien upon Plaintiff's residence despite the fact that she had
14 been making monthly payments to Defendant N & K, Defendants therefore acted with
15 unfairness, oppression, and abuse towards Plaintiff and therefore violated 15 U.S.C. §§
16 1692d & 1692f of the FDCPA.

17     39.    By leaving a voicemail for Plaintiff in April of 2014 without identifying
18 the company's name of the person calling, and when Plaintiff returned the message she
19 discovered that it was a call from Defendant N & K, Defendants have therefore violated
20 15 U.S.C. § 1692d(6) of the FDCPA.

21 ///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant and Plaintiff be awarded damages from each and every Defendant jointly and severally as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 16, 2014              Respectfully submitted,

                                    HARTMAN LAW OFFICE, INC.

                                    By:   /s/ Jared M Hartman_____
                                          Jared M. Hartman, Esq.
                                          Attorney for Plaintiff

///

///

///

///

///

[Additional attorneys for Plaintiff]

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022